UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**STATE OF ALABAMA,**

    *Plaintiff*,

**v.**                                                                      Case No. 5:24-CV-01389-JKP

**SUBRIA WALKER,**

    *Defendant*.

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is United States Magistrate Judge Richard B. Farrer's Report and Recommendation, (*ECF No. 10*), recommending the Court deny Plaintiff Subria Walker ("Walker") Application to Proceed in District Court without Prepaying Fees and Costs, (*ECF No. 8*). Also before the Court are five miscellaneous motions filed by Walker:

1. Motion for Court-Ordered Investigation, Request for Subpoenas, Emergency Temporary Injunction, and Emergency Protective Orders under Federal Rule 65, (*ECF No. 3*);

2. Motion to Consolidate Cases, (*ECF No. 9*);

3. Motion to Stay Remand Pending Review and Reassignment of Judge, (*ECF No. 12*);

4. Motion for Permission to file Electronically, (*ECF No. 13*); and

5. Motion to Amend Complaint, MOTION for Default Judgment, MOTION for Temporary Restraining Order & Emergency Protective Order, MOTION to Stay Proceedings, MOTION to Proceed in forma pauperis, MOTION to Seal Exhibit A, (*ECF No. 17*).

Although there is disagreement within the various federal courts, *see Highland Vista LLC v. Casterlow*, No. 1:19-CV-02609-SCJ-AJB, 2019 WL 5459076, at *2 n.3 (N.D. Ga. June 17, 2019) (recommendation of Mag. J. recognizing judicial split) *adopted on other grounds by* No. 1:19-CV-02609-SCJ, 2019 WL 5472922 (N.D. Ga. Aug. 8, 2019), the Fifth Circuit has held that magistrate judges have no authority to enter an order denying in forma pauperis ("IFP") status, *see Donaldson v. Ducote*, 373 F.3d 622, 624-25 (5th Cir. 2004) (per curiam). Consistent with *Donaldson*, the Magistrate Judge issued a recommendation. Plaintiff has filed no objection to the R&R, and the time for doing so has expired.

Having reviewed the Report and Recommendation for plain error and finding no such error, the Court **ACCEPTS** the Magistrate Judge's recommendation (*ECF No. 10*). As recommended, the Court **DENIES** the *Application to Proceed in District Court Without Prepaying Fees or Costs* (*ECF No. 8*). Unless Plaintiff pays the full filing fee ($350) and the administrative fee ($50) required under 28 U.S.C. § 1914(a) **on or before July 11, 2025**, the Court will dismiss this action without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). **Upon receipt of payment, the Clerk of Court shall file the complaint attached as an exhibit to Plaintiff's IFP application**. The Court **MOOTS** all other motions (*ECF Nos. 3, 9, 12, 17*).

The Court **GRANTS** the Motion for Permission to file Electronically, (*ECF No. 13*). the Application for Permission to File Electronically (ECF No. 15). Walker is directed to contact the Office of the District Clerk to obtain the e-filing and e-noticing registration form and to submit the fully completed form to the Clerk. Under standard procedures, the registration form will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

Rule 41(b) provides authority for courts to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). And they have "inherent authority" to do so sua sponte. *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). To "achieve the orderly and expeditious disposition of cases," courts have the power, "on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630-31.

Plaintiff is advised that it is her responsibility to prosecute this case and that the case cannot proceed until the defendant has been served with summons and a copy of the complaint. It is her responsibility to have summons issued upon her payment of the fees due. Furthermore, the Court may dismiss this case without prejudice if the "defendant is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Similarly, a failure of Plaintiff to keep the Court apprised of her current address may also result in dismissal of this case without prejudice and without further notice to Plaintiff.

To facilitate timely receipt of this Order, the Clerk of Court is **DIRECTED** to add the below email address to CM/ECF and email a copy of this Order to Walker at:

1) subria.walker@icloud.com

The Clerk of Court is further **DIRECTED** to mail, via certified mail with return receipt requested, a copy of this Order to:

1) Subria Walker, 7018 Dominic Valley, San Antonio, Texas 78242

It is so ORDERED.
SIGNED this 10th day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE